IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **KRISTINE JEAN MILLER,**<br>Petitioner,<br>v.<br>**UNITED STATES OF AMERICA,**<br>Respondent. | **No. 13-CV-4082-DEO**<br><br>ORDER |

_____

## I. INTRODUCTION

This matter is before this Court on Petitioner, Kristine Miller's [hereinafter Ms. Miller's], 28 U.S.C. § 2255 motion, Docket No. 1, and the Respondent's Motion to Dismiss, Docket No. 11. The parties appeared for hearing on April 23, 2014. After listening to the parties' arguments, the Court took the matter under consideration and now enters the following.

## II. BACKGROUND AND ANALYSIS

On November 10, 2010, this Court sentenced Ms. Miller to 120 months incarceration on charges related to the distribution of methamphetamine. See 10-CR-4010-DEO. Ms. Miller did not appeal her sentence. On August 22, 2013, Ms. Miller filed a pro se Motion to Vacate pursuant to 28 U.S.C. § 2255. On October 29, 2013, the Court entered an Initial Review Order allowing Ms. Miller's case to proceed and

appointing attorney Shelley Goff to represent her. Docket No. 2.

On December 30, 2013, Ms. Goff filed a status report. Docket No. 10. In part, that report stated:

> [t]he undersigned has reviewed the Ms. Miller's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By A Person in Federal Custody" (Doc. 1)... The undersigned's review ... failed to uncover any additional basis upon which Ms. Miller could argue that she is entitled to relief pursuant to 28 U.S.C. §2255 or any other statute.

Docket No. 10, p. 1-2. Ms. Goff goes on to say:

> [t]his is an unfortunate case of young mother of three children receiving a draconian 10 year sentence even though there is no indication that she was anything more than an addicted pill smurf married to her supplier. She had one prior felony drug conviction for very similar "smurfing" and addiction related behavior. If Ms. Miller had been indicted after the August 2013 "Holder Memo" directing the United States Attorneys Office to use discretion in seeking mandatory minimums where the offender is a non-violent, low level drug offender, Ms. Miller would have enjoyed a chance at this change of heart by the government. However, the Holder memo comes to[o] late for Ms. Miller... The undersigned rarely files a report such as this, finding nothing upon which to argue for relief. With regret, the undersigned reports to this court that no amendment and/or supplementation or brief will be forthcoming.

Docket No. 10, p. 3-4.

On January 6, 2014, the Government filed a Motion to Dismiss. Docket No. 11. The Government argues that Ms. Miller' habeas petition is time barred, and, even if it were not time barred, Ms. Miller has failed to state a plausible claim for relief. Docket No. 11.

In her pro se Petition, Ms. Miller argued that the case <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013) rendered her 120 month sentence inappropriate because her prior conviction was not proven beyond a reasonable doubt. As was stated above, the Court held a hearing on this matter on April 23, 2014. During the hearing, Ms. Miller stated that her attorney had explained that <u>Alleyne</u> did not affect her sentence. As stated in Ms. Goff's report:

> Ms. Miller asserts only one issue: that the Supreme Court's Ruling in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013) rendered her sentence of 120 months inappropriate. The undersigned's correspondence with Ms. Miller reveals that Ms. Miller believes that <u>Alleyne</u> overruled <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and now requires that prior convictions be proven beyond a reasonable doubt. The undersigned's review of <u>Alleyne</u> and other case law does not support this contention. In any event, Ms. Miller stipulated to a prior felony drug conviction in paragraph 8A of her plea agreement with the government. (Document 102 in Case No.

>     10-cr-4010-DEO). Therefore, even if <u>Alleyne</u> over ruled <u>Apprendi</u>, her stipulation to the prior felony drug conviction renders the issue moot.

Docket No. 10, p. 2-3. Based on that understanding, Ms. Miller stated during the hearing that she did not resist the Government's Motion to Dismiss. Accordingly, the Motion to Dismiss will be **granted**.

### III. CONCLUSION

For the reasons set out above, the Government's Motion to Dismiss, Docket No. 11, is **GRANTED**. Ms. Miller's Petition for habeas relief pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

**IT IS SO ORDERED** this 7th day of May, 2014.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa